THE CHURCH OF GOD IN CHRIST JESUS NEW DEAL, INCORPORATED, AND MRS. C. L. FAISON v. W. H. AMOS, W. E. EDWARDS AND R. B. MUMFORD.

(Filed 25 May, 1966.)

**Religious Societies and Corporations § 3—**

Where there is serious controversy as to which of two factions of a church congregation is entitled to the use and control of the church property, the Superior Court correctly enjoins the dissipation or expenditure of church funds until the hearing on the merits, but the determination that one of the claimants was the chief officer of the church is not necessary in issuing the injunction, and such provision will be vacated on appeal. The Supreme Court, in the exercise of its supervisory power, may modify the order by directing that the tangible personal property be delivered to the clerk of the Superior Court pending the final hearing.

MOORE, J., not sitting.

APPEAL from Latham, S.J., October 28, 1965 Session, DURHAM Superior Court.

For many years prior to March 27, 1963, Rev. C. L. Faison was the President and Chief Apostle of the Durham Church of The Church of God in Christ Jesus New Deal, Incorporated. On that date he died and shortly afterwards the defendant, W. H. Amos, alleged that he was elected Chief Apostle and was entitled to take over the property and operation of the church. On the 13th day of August, 1964, a Certificate of Incorporation for the "Church of God in Christ Jesus of America" was filed bearing the names of the three

defendants, W. H. Amos, W. E. Edwards, and R. B. Mumford. The three persons named, acting as individuals, and for the new corporation, have taken control of the records, seal and funds of the plaintiff church, and the defendants have held themselves out as the duly elected officials of the plaintiff church.

This action was instituted by the plaintiff church to restrain the above activity on the part of the defendants, and upon a hearing, a demurrer interposed by the defendants was sustained and it was ordered that Mrs. C. L. Faison be made a party. She filed a complaint in which she claimed that the actions of the defendants were without authority of the church and that on the 5th day of December, 1964, at a meeting called by the plaintiff corporation, she was duly elected President and Chief Apostle of the corporation and demanded that the defendants relinquish control and possession of the assets of the plaintiff corporation which they have refused to do.

Her plea for relief was that the defendants be restrained from holding themselves out as officials of the church and that they be required by temporary injunction to deliver all the assets of the church to the plaintiffs and that Mrs. Faison be certified as the duly elected President and Chief Apostle of the church.

In reply, the defendants alleged that Mrs. Faison was the estranged wife of the deceased C. L. Faison, that she had been separated from him since 1947 and had been living in Washington, D. C., where she remained until she became satisfied that her husband was about to die. That she returned to Durham about four days prior to his death and thereafter attempted to proclaim herself his successor, all without authority of the church or the corporation.

Judge Latham, after a hearing, signed a temporary order which, among other things, held that Mrs. Faison was the Chief Apostle of the plaintiff corporation; that the construction of a church building at 814 Fargo Street in Durham was being erected with the use of funds of the plaintiff corporation; that said construction should immediately cease and that no funds of the corporation should be expended for any purpose; that "all records of the corporation, including minutes, seal, deeds, bank books, checkbooks, shall be immediately turned over to Mrs. C. L. Faison, pending the final determination of this action."

Upon the argument of the case in this Court, it was argued by the attorney for the plaintiff and admitted by counsel for the defendant that the defendants have not complied with Judge Latham's order. The defendants have appealed therefrom to this Court.

CHURCH *v.* AMOS.

*Bryant, Lipton, Bryant and Battle by Alfred S. Bryant attorneys for defendants.*

*Haywood, Denny & Miller by George W. Miller, Jr., attorneys for appellees.*

PLESS, J.  It is apparent that the claims of the opposing parties will have to be determined by a trial in the Superior Court of Durham County. It is also conceivable that further action of the stockholders of the corporation involved, and the members of the church, after appropriate notice to all parties and members, may be required in order to determine the official position of the various claimants to the offices in the church and the control of its property. As to the extent the ecclesiastical laws of the church shall control, we express no opinion at this time.

The finding by Judge Latham that Mrs. Faison is the Chief Apostle of the plaintiff corporation was unnecessary to support the order issued by him and it is, therefore, vacated without prejudice. Acting under our inherent supervisory authority, the order by him is hereby continued in full force and effect until the trial of this action, subject to the modification that the records of the corporation, including minutes, seal, deeds, bank books, checkbooks, and the moneys and bank balances, shall be immediately delivered to the Clerk of the Superior Court of Durham County who shall keep the same in his custody, pending the trial of the case and such order as may be made upon its determination.

Pending the trial, the Judge of the Superior Court is authorized to make appropriate orders in regard to contributions and income which may accrue, and also as to the payment of any necessary charges and debts in order to preserve the property and assets for the benefit of the true owner.

Modified and affirmed.

MOORE, J., not sitting.